UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| JESSE GRANVILLE, JR. | * | CIVIL ACTION NO.  10-1049 |
| VERSUS | * | JUDGE TOM STAGG |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion for summary judgment "pursuant to Fed.R.Civ.P. 12(b)(1)" [doc. # 17] filed by defendant, Commissioner of Social Security.  For reasons assigned below, it is recommended that the motion [doc. # 17] be GRANTED.

### Background & Procedural History[1]

1.  Plaintiff Jesse Granville, Jr. filed an application for a period of disability and disability insurance benefits (Title II benefits) and for supplemental security income on March 1, 2006, with a protective filing date of February 24, 2006. These applications were denied initially and on reconsideration and the plaintiff filed a request for hearing.

---

[1]  The following section principally tracks the facts contained in the Commissioner's Statement of Uncontested Facts attached to his motion for summary judgment.  The facts are supported by the Declaration of Donald V. Ortiz, the Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration.  See Def. MSJ, Exhs.  In his response, plaintiff did not include a separate statement of material facts as to which there exists a genuine issue to be tried as required by Local Rule 56.2.  Accordingly, defendant's Statement of Uncontested Facts is deemed admitted.  Id.  In any event, the facts set forth in Ortiz's declaration and the attachments thereto, remain uncontroverted.

2.      Subsequent to a hearing held on October 11, 2006, an Administrative Law Judge ("ALJ") issued a December 8, 2006, decision, finding Granville not disabled.

3.      On March 26, 2006, plaintiff filed a request for review with the Appeals Council. By letter dated May 2, 2007, the Appeals Council notified plaintiff of its intent to issue a decision finding him not disabled on the basis that he did not suffer from a severe medically determinable impairment.

4.      The Appeals Council issued a new decision on July 12, 2007, again finding him not disabled.

5.      On September 11, 2007, plaintiff filed a civil action (Number 07-cv-1505-S) in the United States District Court for the Western District of Louisiana.  On September 24, 2008, the court remanded the case to the Commissioner for further proceedings.

6.      By order dated November 3, 2008, the Appeals Council remanded the case to an ALJ in compliance with the court order.  In remanding the case for a supplemental hearing, the Appeals Council affirmed the favorable finding of disability beginning July 13, 2007, made by an ALJ pursuant to a subsequent, September 17, 2007, application for supplemental security income.

7.      By letter dated September 25, 2008, the Commissioner provided plaintiff an explanation of benefit payments as a result of his September 17, 2007, application for supplemental security income. Plaintiff's attorney also was sent a copy.

8.      On  September  30,  2008,  the Commissioner notified plaintiff of back  pay for  the  period beginning October 2007 through September 2008.

9.      On September 1, 2009, an ALJ found plaintiff disabled as of May 1, 2004, based on his February 24, 2006, applications for Title II benefits and for supplemental security income.  **However, for the period from plaintiff's alleged disability onset date, January 1, 2001, through April 30, 2004, the ALJ found plaintiff not disabled**.  A copy of the decision was mailed to plaintiff and his representative (Ortiz Decl., Exh. 10). The notice of hearing decision specified that

        [i]f you do not file written exceptions and the

2

> Appeals Council does not act on its own motion, **the decision of the Administrative Law Judge will become the final decision of the Commissioner after remand on the 61st day after the date of this notice.  You will then have, during a 60-day period beginning with the day the Administrative Law Judge's decision becomes final, the right to file a new civil action to have the Federal district court review that decision.**

*Id*. (emphasis added).

10. The Commissioner notified plaintiff by letter dated October 3, 2009, that he would be entitled to monthly disability benefits beginning February 2005 (Exhibit 11, Ortiz Dec.).  Plaintiff and his attorney received notification on December 4, 2009, regarding the supplemental security payments for the period March 2006 through September 2007 (Exhibit 12, Ortiz Dec.).  Also, by letter dated December 9, 2009, the Commissioner notified plaintiff that the agency was reducing his past due Social Security benefits by $20,840.12 because plaintiff had received SSI money for the period from February 2006 through December 2009.  (Exhibit 13, Ortiz Dec.).  The Notice advised plaintiff that

> [i]f you disagree with this decision, you have the right to appeal.  We will review your case and consider any new facts you have.  A person who did not make the first decision will decide your case. We will correct any mistakes.  We will review those parts of the decision which you believe are wrong and will look at any new facts you have.  We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you
>
> • You have 60 days to ask for an appeal.
>
> • The 60 days start the day after you get this letter.  We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.
>
> • You must have a good reason for waiting

more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing.
  We will ask you to sign a form SSA-561-
  U2, called "Request for Reconsideration."
  Contact one of our offices if you want help.

*Id*.

11.   Plaintiff did not request an extension of time to file a civil action as specified in § 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g) and in § 422.210 of Social Security Regulations No. 22 (20 C.F.R. 422.210).

On June 25, 2010, Jessie Granville, Jr., acting *pro se*, filed the instant civil action, without a caption, nor a named defendant.  *See* doc. # 1.  On June 28, 2010, however, plaintiff submitted another document (construed by the Clerk of Court as an amended complaint), which included a caption naming the Commissioner of Social Security as defendant, and entitled "Complaint Seeking Review of Denial of Claim for Social Security Benefits."  [doc. # 3].

In his original "complaint," plaintiff alleged,

[t]he issue is whether the social security administration are in compliance with rules, regulations, and law conforming to my case.  The decision by the social security administration to withold [sic] my past due Social Security Insurance Benefits are [sic] not just, equitable and does not conform to the rules, regulations and laws conforming to Mr. Granville [sic] case.

[doc. # 1].

On November 15, 2010, the Commissioner answered the complaint and filed a copy of the administrative transcript.  [doc. # 10].  On December 28, 2010, plaintiff filed a memorandum in support of his claim for relief, wherein he stated that

[t]he issue is whether Mr. Jesse Granville, Jr. is entitled to SSI Benefits from May 1, 2004.  In a letter dated December 04, 2009, Mr. Granville was advised presumably based upon the ALJ Staller Decision Date [sic] September 1, 2009, that SSI Payments were owed him from March 2006 to September 2007, the amended onset date in the ALJ Decision through Feb. 06 The [sic] earliest Date

4

Ference [sic] in the December 4, 2009 letter.  **It is not clear from that letter why he is not also entitled to SSI Benefits from May 1, 2004.**  [doc. # 12].

Rather than address the merits of plaintiff's complaint, the Commissioner filed the instant motion on March 16, 2011 entitled, "Motion for Summary Judgment," but which is referred to in brief as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  *See* MSJ and "Memorandum in Support of Motion to Dismiss" [doc. # 17].  The motion seeks dismissal of plaintiff's complaint because 1) plaintiff failed to timely file the instant civil action; and/or 2) he did not first exhaust available administrative remedies.  For reasons explained below, the court will consider the motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff filed a response to the Commissioner's motion on March 31, 2011.  (Pl. Reply Brief [doc. # 19]).  His memorandum, however, failed to address the grounds for dismissal urged by the Commissioner.  The delays for further briefing have lapsed.  (Notice of Motion Setting [doc. # 18]).  The matter is now before the court.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond

peradventure[2] all of the essential elements of the claim . . . to warrant judgment in [its] favor."

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  In other words, the movant must

affirmatively establish its right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*,

1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

<u>**Analysis**</u>

The United States, as sovereign, is immune from suit except in the manner and degree

sovereign immunity is waived.  *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976).  In

the absence of an express congressional waiver of immunity, an action against the United States

or its agencies does not fall within the judicial power of the federal courts.  *See Glidden Co. v.

Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962).  One waiver of sovereign immunity, however, is

found in the Social Security Act, which provides that,

> [a]ny individual, **after any final decision of the Commissioner of Social
> Security made after a hearing to which he was a party**, irrespective of the
> amount in controversy, may obtain a review of such decision **by a civil action
> commenced within sixty days after the mailing to him of notice of such
> decision or within such further time as the Commissioner of Social Security
> may allow**. Such action shall be brought in the district court of the United States
> for the judicial district in which the plaintiff resides, or has his principal place of
> business, . . .

42 U.S.C. § 405(g) (emphasis added).

In other words, § 405(g) imposes three requirements to secure judicial review:

> (1)     a final decision of the [Commissioner] made after a hearing;
>
> (2)     commencement of a civil action within 60 days after the mailing of notice
>         of such decision (or within such further time as the [Commissioner] may
>         allow); and
>
> (3)     filing of the action in an appropriate district court, in general that of the

---

[2]  I.e., beyond doubt.

plaintiff's residence or principal place of business.
*Weinberger v. Salfi*, 422 U.S. 749, 763-764, 95 S.Ct. 2457, 2466 (1975).

The second and third requirements are waivable by the parties, and thus, do not constitute

jurisdictional prerequisites to suit. *See Salfi, supra; Mathews v. Eldridge*, 424 U.S. 319, 328 n9,

96 S.Ct. 893, 899 (1976); *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029

(1986) (because the requirements were waivable, they cannot be jurisdictional).  Further, the

"final decision" requirement is subdivided into two elements, only one of which is purely

jurisdictional, i.e. non-waivable.  *Eldridge*, 424 U.S. at 328-329.  "The waivable element is the

requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.

The nonwaivable element is the requirement that a claim for benefits shall have been presented to

the [Commissioner]."  *Id*.

Here, the Commissioner does not contest that plaintiff presented a claim for benefits to

the agency.  Thus, the instant motion does not impact the court's jurisdiction.  *See* discussion,

*supra*.  Instead, the Commissioner seeks to enforce two other requirements for judicial review:

1) the need to exhaust administrative remedies before filing suit; and 2) the subsequent need to

timely file suit after the Commissioner has rendered a "final decision."  The court addresses these

arguments seriatim.

The right to judicial review presupposes a "final decision" by the Commissioner.  42

U.S.C. § 405(g).  A claimant obtains a final decision by the Commissioner when he has

exhausted his administrative remedies by proceeding through all three stages of the

administrative appeals process.  *Bowen, supra*.  "Only a claimant who proceeds through all three

stages receives a final decision from the Secretary." *Id.*[3]

The administrative review process consists of an initial determination, a reconsideration, a hearing before an administrative law judge, and appeals council review.  20 C.F.R. § 404.900(a)(1-4).  The Commissioner will render an initial determination on issues such as a claimant's entitlement to benefits; the amount of the benefit; re-computation of the benefit; termination of benefits; any overpayment or underpayment of benefits; whether an overpayment must be repaid to the Commissioner; and any offset of benefits under § 404.408b because the claimant previously received supplemental security income payments for the same period. 20 C.F.R. § 404.902.  These initial determinations are subject to administrative and judicial review.  *Id.*[4]  The initial determinations are binding on the claimant, unless he seeks reconsideration within the stated time period.  20 C.F.R. § 404.905.

In the case *sub judice*, it is uncontroverted that plaintiff received initial determinations from the Commissioner regarding, *inter alia*, the calculation of his benefits, the withholding of benefits, and the offset of his disability insurance benefits (because he previously received supplemental security income payments for the same period).  However, there is no evidence that plaintiff exhausted the administrative review process by appealing these decisions through all remaining stages of administrative review.  Moreover, the notice(s) advised plaintiff of his right to administratively appeal the Commissioner's initial determination.  *See e.g.*, Ortiz Decl., Exh.

---

[3]  The regulations themselves specify that a "final decision" has not been rendered by the Commissioner until the administrative review process has been completed.  20 C.F.R. § 404.900(a)(5).

[4]  Other administrative actions do not constitute initial determinations, and thus, are not subject to the administrative review process **or judicial review**.  20 C.F.R. § 404.903.

9

13.

Although under certain limited circumstances, the court may relieve a claimant from exhausting the administrative process, *see Eldridge, supra*, such equities are neither alleged, nor present here.  Rather, upholding the exhaustion requirement in this case will further its purpose by "preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."  *Salfi*,  422 U.S., at 765, 95 S.Ct., at 2467.  Succinctly stated, judicial review is precluded where, as here, the claimant failed to exhaust administrative remedies.  *Sims v. Apfel*, 530 U.S. 103, 107, 120 S.Ct. 2080, 2083 (2000).

Arguably, the sole agency determination referenced by plaintiff's complaint that did not require further administrative exhaustion was the September 1, 2009, ALJ decision that found plaintiff disabled as of May 1, 2004, based on his February 24, 2006, applications for Title II benefits and for supplemental security income, but otherwise "not disabled" for the period from plaintiff's alleged disability onset date, January 1, 2001, through April 30, 2004.  (Ortiz Decl., Exh. 10).  This is because when a claim for benefits is "remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on [the claimant's] case unless the Appeals Council assumes jurisdiction of the case."  20 C.F.R. § 404.984(a).  The Appeals Council has 60 days after the ALJ's decision to assume jurisdiction.  20 C.F.R. § 404.984(c).  There is no evidence that the Appeals Council assumed jurisdiction herein.  Accordingly, the ALJ's September 1, 2009, decision became the Commissioner's "final decision" for purposes of plaintiff's  February 24,

10

2006, applications for Title II benefits and for supplemental security income.  By statute, an aggrieved claimant generally has "sixty days to seek judicial review of the Commissioner's final decision. This period runs from the date the claimant received notification of the decision.  There is a rebuttable presumption that notice is received five days after it is mailed by the Commissioner to the claimant."  *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (citations omitted).

Here, the Commissioner issued a **"NOTICE OF DECISION - PARTIALLY FAVORABLE,"** dated September 1, 2009, and addressed to plaintiff.  (Ortiz Decl., Exh. 10). The Notice advised plaintiff that he had a 60 day window to seek federal district court review beginning on the 61st day after the date of the notice, and that he could lose his right to court review by failing to timely file a civil action.  *Id*.  The claimant is presumed to have received the decision five days after the decision was sent.  *Kinash, supra*.  Granville does not contest that he received the notice.  Moreover, there is no evidence that plaintiff sought or obtained an extension of time from the Commissioner to file a civil action.

In the end, plaintiff waited some three to six months *after* his deadline to file suit had lapsed, before eventually filing the instant action on June 25, 2010.  Plaintiff neither has alleged nor established any circumstances that would support equitable tolling of the limitations period. *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991).  Accordingly, insofar as the instant complaint seeks to contest the ALJ's September 1, 2009, decision, it is time-barred.  *Id*.

<u>Conclusion</u>

The court emphasizes that "in the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations . . . without any significant

11

probative evidence tending to support the complaint. " *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citations and internal quotation marks omitted).  Furthermore, "a district court has no obligation to provide a pro se litigant with particularized instructions on the requirements and consequences of summary judgment."  *Stingley v. Den-Mar, Inc.*, 347 Fed. Appx. 14, 20 (5th Cir. Sept. 1, 2009) (unpubl.) (citation omitted).

In this case, the court is compelled to find that there are no disputed issues of material fact, and that the Commissioner is entitled to judgment as a matter of law dismissing plaintiff's claims in their entirety.  Fed.R.Civ.P. 56.  Accordingly,

**IT IS RECOMMENDED** that the motion for summary judgment [doc. # 17] filed by defendant, Michael J. Astrue, Commissioner, Social Security Administration be **GRANTED**, and that judgment be entered in favor of said defendant dismissing with prejudice plaintiff's complaint as time-barred, insofar as it seeks review of the Commissioner's September 1, 2009, decision, and otherwise dismissing, without prejudice, plaintiff's complaint as premature, for failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 26th day of April 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

13